FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 DEC 18 PM 4: 54

CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JULIUS K. ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV406-223 |
| | ) |
| STEVEN P. BERNIE, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On September 18, 2006, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act,

Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff, an inmate at Bryan County Jail, asserts in a short paragraph that he is the victim of a "big conspiracy" perpetrated by Chatham County, the City of Savannah, the city's public defender's office and police department, Public Defender Orin Alexis, "private attorney" Steven P. Bernie, and the superior court judge assigned to plaintiff's case. Doc. 1. The exact purpose or dimensions of this alleged conspiracy are nowhere described in plaintiff's complaint. The only clue plaintiff offers as to the

nature of the conspiracy is the single statement that defendants are responsible for "getting [plaintiff] sent to prison and hiding and withholding [his] lawsuit and check." Id.

Plaintiff's general, conclusory allegation that the above-mentioned defendants are involved in some type of conspiracy against him fails to state a claim for relief.[1] The "naked assertion of a conspiracy . . . without supporting, operative facts" establishing an agreement between the defendants, and a common plan to put the agreement into effect, is insufficient to implicate §1983 liability. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Nor could any particularization of plaintiff's complaint establish a cause of action under § 1983 based upon a public defender's or private attorney's failure to represent plaintiff vigorously or competently in a pending criminal prosecution. First, it is well settled that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability. Polk County v. Dodson, 454 U.S. 312, 318, n. 7, 325 (1981) ("[A] lawyer representing a client is not, by

---

[1] Plaintiff has listed Ogeechee Public Defender's Office and Atlantic Circuit Public Defender's Office as defendants in the caption but has failed to mention either entity in the body of his complaint, much less allege any facts delineating how these defendants have violated his constitutional rights.

virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); Pearson v. Myles, 2006 WL 1818716, at *1 (11th Cir. July 5, 2006) (court-appointed defense counsel did not act under color of state law and thus was not subject to liability under § 1983); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law."). Second, a finding by this Court that plaintiff's defense attorneys have rendered ineffective assistance of counsel would serve to impugn the validity of any conviction the state might obtain. Under the principles announced in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), a § 1983 action that calls into question the validity of a criminal conviction or prosecution simply does not accrue until the conviction has first been overturned on direct appeal or through a habeas action or other collateral proceeding.

Finally, several of the named defendants are entities not subject to suit under § 1983 (the Savannah Police Department and the named public defenders' offices), see Lovelace v. DeKalb Central Probation, 144 Fed. Appx. 793, 795 (11th Cir. 2005) (county police department not a legal entity

4

subject to suit), or are immune from suit (the judge assigned to plaintiff's case).  Bradley v. Fisher, 13 Wall. 335, 20 L. Ed. 646 (1872) (establishing judicial immunity doctrine).  Therefore, even if plaintiff had made concrete allegations against these defendants, he could not hope to prevail against them in a § 1983 action.

For the reasons stated above, plaintiff's complaint should be DISMISSED.

SO REPORTED AND RECOMMENDED this 18th day of December, 2006.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA